IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Demetrius Glenn, | ) | Case No. 3:25-cv-08780-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lisa M. Comer, Carly H. Davis, Melody J. Brown, | ) | |
| | ) | |
| Defendants. | ) | |
| ________________________________ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 16, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without leave to amend and without issuance and service of process. ECF No. 19. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 21.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Magistrate Judge recommends summary dismissal of this action. ECF No. 19. He determined that any request for release is unavailable here; Plaintiff's complaint is barred by *Heck v. Humphrey,* 215 U.S. 477 (1994), to the extent Plaintiff alleges fraud and misconduct in his state criminal proceedings; Davis and Brown are entitled to prosecutorial immunity; and Comer is entitled to immunity in this action as a Clerk of Court. Because Plaintiff filed objections, the Court's review has been de novo.

In Plaintiff's objections, he states that he is bringing claims pursuant to § 1983 and § 1985(3) as well as pursuant to the South Carolina Tort Claims Act. He asserts that his claims are not related to his criminal conviction but rather pertain to the misconduct committed by Defendants. He argues that Brown and Davis have duties that they have ignored, which constitutes fraud. He contends that the fraud is in furtherance of a conspiracy to coverup misconduct and to deny Plaintiff access to courts. He asserts that

Comer has been committing dilatory acts against him in furtherance of a conspiracy to frustrate, hinder, and obstruct Plaintiff's pending litigation in state court. Plaintiff contends that Brown and Davis, as assistant attorneys general, have a duty to disclose, which they have not done and, as a result, he has been denied access to courts. He states that he has not requested that Defendants be required to stop violating his rights so that he can be released. He continues that he is requesting money damages and an order that Defendants stop violating his rights. Plaintiff states that *Heck* does not apply. Plaintiff contends that Brown and Davis are liable because they have acted unconstitutionally and outside the scope of their professional duties. He clarifies that he does not assert that Comer is engaging in a conspiracy to commit dilatory acts but is herself committing dilatory acts in furtherance of a conspiracy, which is outside the scope of her duties. Plaintiff requests recusal of the Magistrate Judge in future actions.

Upon review, the Court agrees with the Magistrate Judge. While Plaintiff states that he is not requesting release, to the extent his complaint should be liberally construed as making such a request, release is not available in a civil rights action. Further, the Court recognizes that Plaintiff maintains that he is not challenging any aspect of his underlying state conviction. Nevertheless, it is clear from review that Plaintiff is at least in part challenging what occurred in his state prosecution. Any such claim is barred by *Heck*. *See Edwards v. Balisock*, 520 U.S. 641 (1997) (holding that the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment).

With respect to Plaintiffs' arguments that Defendants are not entitled to immunity because they acted outside the scope of their duties, violated the law, or engaged in conspiracies, these conclusory and vague allegations are insufficient to state a plausible claim for relief. Indeed, with respect to Davis and Brown, Plaintiff's allegations concern their roles in performing core activities related to judicial proceedings. Accordingly, they are entitled to prosecutorial immunity. *See*, *e.g.*, *Buckley v. Fitzsimmons*, 509 U.S. 259, 267–71 (1993). Likewise, Plaintiff's allegations against Comer concern her role as the Clerk of Court under the direction of judicial officers; accordingly, she is entitled to immunity. *See Holcomb v. Greenville Cnty. Clerk of Ct.*, C/A No. 6:17-cv-02001-MGL-SVH, 2017 WL 4023128, at *3 (D.S.C. Aug. 23, 2017), *report adopted by* 2017 WL 4012389 (D.S.C. Sept. 12, 2017).

As Plaintiff clarifies that he is also bringing claim pursuant to the South Carolina Tort Claims Act, the Court specifically declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3) (allowing courts to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction").

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 8, 2026
Spartanburg, South Carolina